UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MANDI T. GRIFFIN,

                                Plaintiff,

v.                                                           7:14-CV-01021 (TJM/TWD)

MISTY WEKAR,

                                Defendant.
_____

APPEARANCES:

MANDI T. GRIFFIN
06-G-0281
Plaintiff *pro se*
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, New York 10507

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

### I. INTRODUCTION

The Clerk has sent Plaintiff Mandi T. Griffin's *pro se* Complaint in this civil rights action brought under 42 U.S.C. § 1983 to the Court for review. (Dkt. No. 1.) Plaintiff claims that Defendant Misty Wekar, a Watertown City School Psychologist, failed to take Plaintiff and her daughter V.G. to the hospital when V.G.'s feeding tube became dislodged. *Id*. at 7.

### II. IFP APPLICATION

Plaintiff, who is confined at Bedford Hills Correctional Facility, has filed an application to proceed *in forma pauperis* ("IFP Application"). (Dkt. No. 2.) As to plaintiff's IFP Application, the Court finds that Plaintiff has demonstrated economic need and has filed the

inmate authorization form required in the Northern District to proceed with this matter *in forma pauperis*. (Dkt. No. 3.) As a result, Plaintiff's IFP Application is granted for purposes of this filing only.

## III. INITIAL SCREENING

Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1]

In reviewing a *pro se* complaint, the Court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the Plaintiff has stated "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to Plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged but it has not "show[n] that the pleader is entitled to relief." *Id*. at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotations marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).

3

## IV. ALLEGATIONS IN THE COMPLAINT

In the sparse factual allegations in her Complaint, Plaintiff claims that Defendant, a Watertown City Schools Psychologist, acted with deliberate indifference when she failed to give Plaintiff and V.G. a ride to the hospital when she came for a home visit with V.G. approximately two days before V.G's untimely death.[2] (Dkt. No. 1 at 7.) When Defendant entered Plaintiff's home, she noticed that V.G. had pulled out her feeding tube. *Id*. Plaintiff allegedly asked Defendant to take them to the hospital. Defendant allegedly told Plaintiff she could not because she had other appointments. *Id*. Plaintiff was without a car to take V.G. to the hospital herself. *Id*.

According to Plaintiff, Defendant testified at Plaintiff's trial that she would have taken Plaintiff and V.G. to the hospital had Plaintiff asked. *Id.* Plaintiff contends she should not have had to ask Defendant. *Id*. at 8. In her Complaint, Plaintiff alleges that Defendant testified to Plaintiff's negligence at Plaintiff's criminal trial. *Id*. Plaintiff contends that if she was as negligent as Defendant claims, Defendant should have done what was necessary at the moment to help. *Id.*

---

[2] The Court takes judicial notice that V.G. was Plaintiff's severely handicapped three year old daughter. On March 13, 2006, Plaintiff was convicted of second degree murder, manslaughter in the first degree, assault in the second degree, and endangering the welfare of a child in V.G.'s tragic beating death. *See People v. Griffin*, 48 A.D.3d 1233, 851 N.Y.S.2d 808 (4th Dep't 2008), *lv. denied*, 859 N.Y.S.2d 399 (2008). The Fourth Department dismissed the assault charge on appeal. *Id*.

## V. ANALYSIS

### A. Plaintiff's Claim

Plaintiff has commenced this action under 42 U.S.C. § 1983 for Defendant's alleged deliberate indifference in declining to give Plaintiff and V.G. a ride to the hospital. Plaintiff seeks compensatory damages of twenty million dollars and punitive damages against Defendant for violating the No Child Left Behind Act, ("NCLB"), 20 U.S.C. § 6301, *et seq.*, which Plaintiff contends "must extend to the health and welfare of disabled children, performed by those who chose specific occupations." *Id.* Plaintiff also appears to be asking for an investigation of the training techniques used for Defendant and her superior staff, along with complaints made against them. *Id*. at 8.

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal subject matter jurisdiction are federal question jurisdiction (28 U.S.C. § 1331), and diversity of citizenship (28 U.S.C. § 1332(a)(1)).[3] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). The party invoking subject matter jurisdiction bears the burden of establishing that subject matter jurisdiction exists.

---

[3] Plaintiff has not asserted diversity jurisdiction, nor does the Complaint contain allegations from which the Court could conclude that diversity jurisdiction might exist. In fact, Plaintiff has given her address as Bedford Hills Correctional Facility in New York State and Defendant's address as Watertown, New York, ruling out diversity jurisdiction. (Dkt. No. 1 at 1.)

5

*Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009), *cert. denied*, ___ U.S. ___, 133 S.Ct. 329 (2012).

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for federal jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." To state a claim under § 1983, a plaintiff must allege both that the defendant violated plaintiff's rights under either the Constitution or laws of the United States, and that the defendant acted "under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

Section 1983 is only a grant of right of action; the substantive right giving rise to the action must come from the violation of a plaintiff's rights under the Constitution or federal law. *Singer v. Fulton Cnty. v. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995). Plaintiff claims that Defendant violated NCLB. However, Courts have held that NCLB does not provide a private right of action enforceable under § 1983. *See Blakely v. Wells*, 380 F. App'x 6, 8 (2d Cir. 2009) (NCLB does not provide a private cause of action) (citing *Horne v. Flores*, 557 U.S. 433, 456 n.6 (2009) (noting that "NCLB does not provide a private right of action" and "is enforceable only by the agency charged with administering it"); *Newark Parents Ass'n v. Newark Pub. Sch.*, 547 F.3d 199, 203-05 (3d Cir. 2008) (holding that NCLB did not confer private right of action enforceable under § 1983)). Therefore, the federal courts are without subject matter jurisdiction over Plaintiff's claim.

**C.     Statute of Limitations**

Even if the federal courts had subject matter jurisdiction over Plaintiff's § 1983 claim, the claim is barred by the statute of limitations. The statute of limitations for civil rights actions

6

under § 1983 is the general or residual statute of limitations applicable to personal injury actions in the state in which the federal court sits. *Dory v. Ryan*, 999 F.2d 679, 681 (2d Cir. 1993); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) . The applicable New York statute of limitations is three years. *See* N.Y.C.P.L.R. § 214(5); *Pearl,* 292 F.3d at 80. Federal law governs the accrual date for claims under § 1983, and accrual occurs when plaintiff knows or has reason to know of the injury which is the basis of the action. *Pearl*, 292 F.3d at 80. Thus, unless the limitations period is equitably tolled for some reason, Plaintiff was required to file her § 1983 action within three years of accrual.[4]

Plaintiff's Complaint is silent regarding the date of Defendant's alleged refusal to take Plaintiff and her daughter to the hospital. However, Plaintiff does allege that the incident occurred approximately two days before V.G.'s death. (Dkt. No. 1 at 7.) The Court has taken judicial notice that Plaintiff was found guilty of the beating death of V.G. on March 13, 2006. *See Griffin*, 48 A.D.3d at 1233. Therefore, the incident alleged in the Complaint occurred prior to the date of conviction, which was more than eight years ago, and Plaintiff had reason to know of any alleged injury arising out of it before the date of conviction.

Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review

---

[4] Equitable tolling is applied only in "rare and exceptional circumstances." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). The party seeking equitable tolling has the burden of establishing that extraordinary circumstances prevented her from filing a timely complaint, and that she acted with reasonable diligence throughout the period she seeks to toll. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (citation omitted).

based on a defense that appears on the face of the complaint).  Because Plaintiff did not include the date of Defendant's alleged refusal to take Plaintiff and her daughter to the hospital, it would normally be impossible to determine if the statute of limitations had run.  However, because Plaintiff alleged that the incident occurred approximately two days before V.G.'s death, and the Court has taken judicial notice of Plaintiff's conviction in 2006, the Court can conclude that the statute of limitations on Plaintiff's § 1983 claim against Defendant in her Complaint filed on May 6, 2014, has long since run.  Further, the Court finds no basis for equitable tolling given that what happened prior to V.G.'s death was well known to Plaintiff, and there is no reason to have waited this long to file an action.

    **D.**    **Recommendation**

Given the federal court's lack of subject matter jurisdiction over Plaintiff's § 1983 claim and the bar imposed by the applicable statute of limitations even if there were subject matter jurisdiction, the Court recommends that Plaintiff's Complaint be dismissed.  Because the deficiencies in Plaintiff's Complaint are substantive and cannot be cured by a better pleading, *see Cuoco*, 222 F.3d at 112, the Court recommends that the dismissal be with prejudice.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's motion to proceed in forma pauperis (Dkt. No. 2) is **GRANTED FOR PURPOSES OF THIS FILING ONLY**; and it is

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: October 31, 2014
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge